USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 7, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADVANCED MAGNETIC CLOSURES, INC.,

                Plaintiff,

  - against -

ROME FASTENER CORP., ROME FASTENER
SALES CORP., ROMAG FASTENERS, INC.,
RINGS WIRE, INC.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

98 Civ. 7766 (PAC)

<u>ORDER</u>

HONORABLE PAUL A. CROTTY, United States District Judge:

In November 2008, judgment was entered in this matter in the amount of $1,314,816.16, plus pre- and post-judgment interest, in favor of Defendants (the "Judgment Creditors"). The Defendants have collected a portion of the judgment, secured another portion in the form of a bank deposit, and reduced the amount outstanding to approximately $670,000. In October, 2009, to facilitate the collection of this amount, Judgment Creditors served Subpoenas Ad Testificandum and Duces Tecum on Plaintiff—judgment debtor, Advanced Magnetic Closures ("AMC")—and upon two non-parties, G. Bauer Inc. and Irving Bauer (the "Bauer Parties").

AMC and the Bauer Parties now move to quash or modify the subpoenas so that they will not be returnable until after the appeal pending in this matter is decided;[1] or in the alternative, that the subpoenas be subject to a protective order which limits the scope of discovery and imposes a confidentiality order on the fruits of discovery.

---

[1] AMC timely appealed from the November, 2008 judgment. The appeal was heard by the Court of Appeals for the Federal Circuit on October 9, 2009. The subpoenas at issue here were served on October 26, 2009. Objections were filed with the Court on November 17, 2009, and a pre-motion conference held on December 8, 2009. The matter was fully briefed by December 22, 2009.

Under Federal Rule of Civil Procedure 69(a) "state law generally supplies procedures for enforcement of a federal court judgment." Dulce v. Dulce, 233 F.3d 143, 146 (2d Cir. 2000). N.Y. C.P.L.R. § 5223 provides:

> At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter[s] relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which shall specify the parties to the action, the date of the judgment, the court in which it was entered, the amount of the judgment and the amount then due thereon, and shall state that false swearing or failure to comply with the subpoena is punishable by contempt of court.

§ 5223. N.Y. C.P.L.R. § 5224 "provides for (1) a 'subpoena requiring attendance for the taking of a deposition,' (2) a 'subpoena duces tecum requiring the production of books and papers,' and (3) an 'information subpoena' requiring written answers to a set of written questions." Dulce, 233 F.3d at 146 (quoting § 5224).

Federal Rule of Civil Procedure 62(d) provides: "If an appeal is taken, the appellant may obtain a stay [of the judgment] by supersedeas bond . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A): "A party must ordinarily move first in the district court for the following relief . . . a stay of the judgment or order of the district court pending appeal."

No bond has been posted and accordingly, it is inappropriate to stay efforts to collect the judgment. Indeed, granting the relief sought would give the moving parties the benefit of a stay without providing the Judgment Creditors the security in the form of a bond to which they are entitled. The moving parties have made no showing or given

2

any specific reasons offered as to why the Court should depart from this sound rule. <u>De La Fuente v. DCI Telecommunications, Inc.</u>, 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003).

The subpoenas seek information which is appropriate and necessary. They are not overbroad. As to confidentiality, the Judgment Creditors should submit on three days notice for Court approval, an order of confidentiality which provides that discovery shall be utilized for the purposes of the pending litigation and to enforce the judgment entered herein.

AMC's and the Bauer Parties' motions to quash are denied in all respects, except with respect to the confidentiality order. The Clerk of the Court is directed to close these motions.

Dated: New York, New York
       January 7, 2010

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

*"Copies e-mailed to all counsel by Chambers"*